# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MICHAEL C. FITZSIMONS AS OWNER OF THE MOTOR VESSEL MORE PARTICULARLY DESCRIBED AS THE 15-FOOT 2001 WELD-CRAFT, HULL IDENTIFICATION NUMBER WKGG1891K001, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 13-6536<br><br>SECTION "L" (4) |

## ORDER & REASONS

Before the Court is Claimant State Farm Fire and Casualty Company ("State Farm")'s motion for summary judgment. Having considered the law and parties' memoranda, the Court now issues this order.

## I. BACKGROUND

This case arises out of a boat accident. Claimant Jason Rainey, individually and on behalf of his then-minor child, Riley Rainey, filed a complaint in the 22nd Judicial District Court for the Parish of St. Tammany seeking damages for injuries sustained and suffered by his son as a result of a water-tubing accident on June 30, 2012. During the early stages of discovery, this limitation of liability was commenced by Petitioner Michael Fitzsimons, father of Jason Fitzsimons and the owner of the boat involved in the accident. Jason Rainey then filed a claim mirroring the complaint he filed in state court, alleging that Jason Fitzsimons was carelessly and recklessly operating his boat at a high rate of speed on the pearl River Navigation Canal in Bush, Louisiana, while pulling two minors in a dual-seat inner tube. Specifically, Claimant alleges that Jason Fitzsimons made a 180-degree turn in a narrow section of the Canal, causing the inner tube to be thrown onto the bank. As a result, Riley Rainey sustained serious head and neck injuries. Claimant alleges that Jason Fitzsimons is liable as the operator and Michael Fitzsimons is

vicariously liable because he gave express or implied consent or because he negligently entrusted him. State Farm filed a cross-claim against Michael Fitzsimons, seeking declaratory judgment.

## II. PRESENT MOTION

On April 14, 2014, Claimant State Farm filed a motion for summary judgment, seeking a declaratory judgment that its policy of insurance provided no coverage for Michael Fitzsimons. (Rec. Doc. 26). Specifically, State Farm argues that it has no duty to provide liability coverage because the plain language of its policy excludes coverage for this incident that involves a watercraft which is equipped with a 25-horsepower or higher outboard motor. State Farm also argues that there is no coverage here regarding the claim of negligent entrustment because the policy also a specific exclusion for negligent entrustment.

On August 6, 2014, Claimant Jason Rainey filed his opposition to summary judgment. (Rec. Doc. 41). Jason Rainey argues that summary judgment is inappropriate because there are genuine issues of material fact. Specifically, Jason Rainey argues that that policy language is not unambiguous: it is a genuine issue as to whether the watercraft motor is inboard or outboard, particularly as understood by the average insured. Moreover, Jason Rainey argues that the policy does not explain whether the motor power is determined by the actual power at the time of the incident or the rated power at the time the motor was built. Jason Rainey also states that the case law cited by State Farm is distinguishable. Finally, Jason Rainey argues that the "negligent entrustment" exclusion may not even be applicable because there is a genuine issue as to whether Jason Fitzsimons is an "insured," due to his claim of residence with his father, Michael Fitzsimons, at the time of the incident.

On August 6, 2014, Petitioner Michael Fitzsimons filed his opposition to summary judgment for State Farm. (Rec. Doc. 40). For the purposes of the motion only, Michael Fitzsimons adopted the opposition memorandum of Jason Rainey, arguing that the policy exclusion is vague and unenforceable. Michael Fitzsimons states that his adoption of the opposition does not concede any factual allegations.

On August 11, 2014, State Farm replied, arguing that there is no evidence that the word "outboard" is unambiguous. State Farm argues that numerous exhibits from Jason Rainey and Michael Fitzsimons confirm that the engine in question is a 40-horsepower outboard motor. State Farm also notes that Jason Rainey's original Petition in state court also referred to the motor being 40-horsepower and outboard. State Farm also argues that, regarding the negligent entrustment issue, even if Jason Fitzsimons is an insured, the negligent entrustment/supervision exclusion would still remain in force.

## III. LAW AND ANALYSIS

### A. Standard

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-movant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The

mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant. *Id.* at 255.

### B. Analysis

The evidence here indicates that the State Farm insurance policy excluded coverage for the boat accident. First, the plain language of the watercraft exclusion is unambiguous. Second, there is substantial evidence that all parties agreed that the watercraft's motor was a 40-horsepower outboard motor, which meets the coverage exclusion.

Under Louisiana law, "[a]n insurance policy is an aleatory contract subject to the same basic interpretive rules as any other contract." La. Civ. Code art. 1912. "In analyzing a policy provision, the words, often being terms of art, must be given their technical meaning. When those technical words are unambiguous and the parties' intent is clear, the insurance contract will be enforced as written." *Blackburn v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 784 So. 2d 637, 641 (La. 2001) (citations omitted).

The State Farm Homeowners Insurance Policy governs here. (Rec. Doc. 26-4). The Policy includes a provision, Coverage L of Section II, for personal liability coverage for a bodily injury or property damage suit against an insured caused by an "occurrence." The coverage

exclusion at issue here is subsections (e)(3)(c) of paragraph 1. In pertinent part, the Policy states that Coverage L does not apply to:

> (e) **bodily injury** or **property damage** arising out of the ownership, maintenance, use, loading or unloading of:
>     (3) a watercraft:
>         (c) powered by one or more outboard motors with more than 25 total horsepower owned by any insured; or . . . .

(Rec. Doc. 26-4) (emphasis in original).

Under the Policy, it is unambiguous that there is no coverage for an occurrence of bodily injury arising out of ownership of a 40-horsepower outboard motor watercraft. Here, there is substantial support – from all parties – that the vessel involved in the accident has such an engine. First, both Jason Rainey's original Petition in state court and his claim in this Court refer to the boat as having a 40-horspower outboard motor. Second, the affidavit of value of Michael Fitzsimons identified the engine as a "40 horsepower Yamaha outboard motor." Third, the investigating officer of the accident labeled the engine as a 40-horsepower outboard motor. Fourth, both Michael Fitzsimons' boat registration application and the registration itself list the engine as an outboard motor. Fifth, in his deposition, Michael Fitzsimons acknowledges that the motor was a 40-horsepower Yamaha outboard motor. This evidence indicates that the claim here meets the criteria for the Policy coverage exclusion under subsection (e)(3)(c) for bodily injury arising out of ownership of a watercraft powered by an outboard motor with more than 25 horsepower.  Although Jason Rainey suggests that an average insured may not be able to distinguish between an outboard and an inboard motor, there is no evidence to support this argument. Rather, the evidence here indicates that everyone, including Michael Fitzsimons, understood the 40-horsepower motor to be an outboard one.

The exclusion under (e)(3)(c) is sufficient for a declaratory judgment in State Farm's favor. As there is no genuine issue here that the 40-horsepower outboard motor meets the criteria for exclusion from Policy coverage, summary judgment in favor of State Farm is appropriate.

**IV. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Claimant State Farm's motion for summary judgment is **GRANTED**. (Rec. Doc. 26).

New Orleans, Louisiana, this 25th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE